The Chancellor.
The original bill filed by Cramer and
Pierson is not a creditor’s bill, which enures to the benefit of all the creditors of Reford, nor is the bill for the sole purpose of having the conveyance from Reford and wife dedared fraudulent as against creditors. Such bill may enure for the benefit not only of all subsequent encumbrancers but of all other creditors. Cook v. Johnson, 1 Peasley 51.
But the bill also prays, in .case the conveyance should not be deemed fraudulent, that the complainant’s judgment be declared an encumbrance on the property in the hands of the alienee. Should this relief be granted, the suit will enure to the benefit of Cramer and Pierson alone. The residue of the property would remain under the control of the alienee.
All the creditors having liens upon the property are entitled to be heard and to have their liens protected, where the design of the bill is to declare the property subject to *159 the lien of any of the attaching or judgment creditors. Williams v. Mitchenor, 3 Stock. 520.
The complainant’s judgment was recovered after the bill of Cramer and Pierson was filed. His claim must be brought before the court either by original bill or by supplemental bill. He is clearly entitled in equity, in one form or the other, to have his rights protected.
The bill of Corwin was filed after Voorhees had obtained liis judgment. Voorhees should properly have been made a party to that bill, but he cannot be deprived of his equitable rights by the wilful or negligent omission of the complainant in that suit.
Ho exception is taken to the form of the proceeding. The demurrer is solely for want of equity. The defendant consents, and desires that the suits should be united, or that the rights of the parties be settled by one controversy.
The demurrer is overruled.